UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:15-cr-171 |
| vs. | : | Judge Timothy S. Black |
| JAMES EDWARD RISNER, III, | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S
MOTION TO CONTINUE (Doc.20)**

This criminal case is before the Court on Defendant's motion to continue the trial (Doc. 20) and the Government's response in opposition (Doc. 21).[1]

**I. BACKGROUND**

On December 10, 2015, Defendant James Edward Risner, III, was charged in a nine-count federal indictment with: advertising materials depicting the sexual exploitation of children, in violation of 18 U.S.C. § 2251(d) (Count 1); production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 2-6); and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Counts 7-9).  (Doc. 12).  Each of the sexual exploitation charges under § 2251 carry a mandatory minimum term of fifteen years imprisonment.  18 U.S.C. § 2251(e).

On December 14, 2015, Defendant was also charged in an eight-count indictment in Clark County, Ohio, with:  forcible rape of a child less than ten years of age, in

---

[1] Defendant initially made an oral motion for continuance during the telephone status conference held on February 16, 2016.  (Min. Entry & Not. Order, Feb. 16, 2016).  The Court took the matter under advisement and ordered the parties to present their arguments on an expedited briefing schedule, as established during the conference.  (*Id.*)

violation of Ohio Rev. Code § 2907.02(A)(1)(b) and (B) (Counts 1-6); disseminating matter harmful to juveniles, in violation of Ohio Rev. Code § 2907.31(A)(1) (Count 7); and gross sexual imposition involving a child less than thirteen years of age, in violation of Ohio Rev. Code § 2907.05(A)(4) (Count 8).  (Doc. 20 at 2).[2]  For each count of forcible rape of a child, the state court may impose a sentence of life imprisonment without the possibility of parole.  Ohio Rev. Code § 2907.02(B).

This Court initially established a trial calendar on December 29, 2015, setting trial on the federal charges to commence on February 16, 2016.  (Doc. 17).  However, the Court vacated the calendar during a telephone conference on January 7, 2016, finding that the dates were not viable given the status of the case.  (Min. Entry & Not. Order, Jan. 7, 2016).  The state case is currently scheduled to proceed to a jury trial on April 26, 2016.  (Doc. 20 at 3).

On February 23, 2016, prompted by the Government's intent to proceed to trial on the federal charges prior to the state court trial, Defendant filed the instant motion to continue.[3]  (Doc. 20).

## II.  STANDARD OF REVIEW

"The matter of continuance is traditionally within the discretion of the trial judge." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).  The Court's decision to grant or deny a continuance must be based on the circumstances presented, including consideration of

---

[2] *State of Ohio v. James Edward Risner, III*, Clark C.P. No. 15CR0654 (Dec. 14, 2015).

[3] During the telephone status conference held on February 16, 2016, defense counsel stated that Defendant is prepared to waive his right to a speedy trial, in order to accommodate the requested continuance. (Min. Entry & Not. Order, Feb. 16, 2016).

"the length of delay, previous continuances, inconvenience to litigants, witnesses, counsel and the court, whether the delay is purposeful or is caused by the accused, the availability of other competent counsel, the complexity of the case, and whether denying the continuance will lead to identifiable prejudice." *Wilson v. Mintzes*, 761 F.2d 275, 281 (6th Cir. 1985). "Denial [of a defendant's requested continuance] amounts to a constitutional violation only if there is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for a delay." *United States v. Amawi*, 695 F.3d 457, 480 (6th Cir. 2012); *Ungar*, 376 U.S. at 575.

### III.  ANALYSIS

Defendant moves for a continuance in the instant case such that trial on the pending federal charges would not commence until after the state court trial is held. (Doc. 20).  Specifically, Defendant argues that, "conviction on even one of the state rape charges may impact whether [Defendant] goes to trial on the federal production charges." (*Id.* at 6).  Moreover, "[g]iven that the images [underlying the charges] in the federal case depict the alleged rapes [Defendant] is charged with in state court … any plea to a federal production charge would preclude any meaningful defense in the state trial." (*Id.* at 5). Additionally, "continuance until resolution of the state case would ensure enough time to investigate and pursue the most effective defense at trial." (*Id.* at 5-6).

The Government opposes the continuance and requests that the federal case be permitted to proceed to trial prior to the state case, because: the federal case was commenced prior to the state case; the Government believes that it, unlike the State, can present its case-in-chief without calling the alleged minor victim to testify; and if the state

3

case were to proceed to trial first and result in a conviction, it would adversely impact Defendant's criminal history and, thus, expose him to a higher sentence in the federal case. (Doc. 21 at 3).

Having considered the relevant factors, this Court finds that denial of the requested continuance may effectively preclude Defendant from engaging in meaningful plea negotiations and mounting a defense to the pending charges in either case, and would further deprive defense counsel adequate time to fully investigate and prepare to defend against the federal charges. Particularly in light of the severe sentence that may be imposed in the state court matter, *i.e.*, life imprisonment without the possibility of parole, this Court is disinclined to insist upon proceeding to trial in the federal case, at the possible expense of Defendant's ability to either negotiate a plea or mount an adequate defense.

Additionally, Defendant's argument that the federal case is complex and will likely require a lengthier trial than the state case is well-taken. Indeed, the case will involve presentation of complex technological issues and arguments, and will undoubtedly necessitate reliance on expert witnesses. In light of Defendant's statement that a continuance would ensure adequate time to prepare for trial (Doc. 20 at 5-6), as well as defense counsel's prior representations regarding the voluminous discovery in this case (Min. Entry & Not. Order, Jan. 7, 2016), the Court finds that denial of the continuance would deprive counsel of adequate time to prepare for a lengthy and complex trial.

Moreover, the Government's hope of not requiring the alleged minor victim to testify, while understandable, does not justify denial of the requested continuance.  As Defendant accurately states, the fact that the Government may be able to present its case-in-chief without calling the minor as a witness does not necessarily spare the minor from testifying, as she may still be called by Defendant in the federal case, and is likely to be called upon in the state case.  Finally, the Government's concern regarding the impact of a state court conviction on Defendant's federal sentencing, while valid, does not outweigh Defendant's own request to continue the trial.  Further, if a state conviction were to result in life without parole, the impact on the federal sentence would be of little consequence.

## IV.  CONCLUSION

Based upon the foregoing, Defendant's motion to continue (Doc. 20) is **GRANTED.**  Accordingly, this case is **CONTINUED,** such that trial on the pending federal charges shall not commence until after conclusion of the state trial in the case of *State of Ohio v. James Edward Risner, III*, Case No. 15CR00654, which trial is scheduled to begin on April 26, 2016, before the Court of Common Pleas, Clark County, Ohio.  The Court sets this matter for a telephone status conference on **May 2, 2016** at **12:30 p.m.**, at which time, assuming the state trial has concluded, this Court will establish a new trial calendar as to the federal case.[4]

---

[4] COUNSEL SHALL CALL: 1-888-684-8852; Access Code: 8411435; Security Code: 123456, and wait for the Court to join the conference.

Additionally, the Court finds that the ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial, as failure to grant such a continuance would result in a miscarriage of justice, and would deny defense counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(A), (B)(i) and (iv). Accordingly, time is now **TOLLED** and the days elapsing from the date of this Order through May 2, 2016 shall be **EXCLUDED** from the computation of time within which trial must commence.[5]

**IT IS SO ORDERED**.

Date: 3/8/2016               *s/ Timothy S. Black*
                             Timothy S. Black
                             United States District Judge

---

[5] The Court previously tolled time until February 23, 2016, in light of defense counsel's request for one week's time to file the instant motion. (Min. Entry & Not. Order, Feb. 16, 2016). Moreover, pursuant to 18 U.S.C. § 3161 (h)(1)(D) and (H), the Court considers time to have been tolled from the date of the February 16, 2016 status conference by Defendant's oral motion to continue the trial, which motion this Court took under advisement. (Min. Entry & Not. Order, Feb. 16, 2016). Additionally, the filing of Defendant's written motion to continue (Doc. 20) on February 23, 2016, triggered the exclusion of time from the date of filing through the date of this Order. 18 U.S.C. § 3161 (h)(1)(D) and (H).